IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>GREAT SILK ROAD TRUCKING INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 18-17662-JKF |

**COMBINED MOTION OF RYDER TRUCK RENTAL, INC. (I) TO ENFORCE
STIPULATION ENTERED INTO BY DEBTOR AND RELATED COURT ORDERS
REQUIRING DEBTOR'S RETURN OF VEHICLES TO RYDER AND
(II) FOR EXPEDITED HEARING**

Ryder Truck Rental, Inc. ("Ryder"), by its undersigned counsel, hereby files this combined motion (i) to enforce the Stipulation [D.I. No. 99] (the "Stipulation")[1] between Ryder and debtor Great Silk Road Trucking Inc. (the "Debtor") and certain related orders entered by the Court which require the Debtor to return certain leased vehicles to Ryder (the "Motion to Enforce"), and (ii) for an expedited hearing on the Motion to Enforce pursuant to Local Bankruptcy Rule 5070-1(g) (the "Motion for Expedited Hearing", and together with the Motion to Enforce, the "Motion"), and in support hereof respectfully states the following.

**JURISDICTION**

1. The United States Bankruptcy Court for the Eastern District of Pennsylvania (this "Court") has jurisdiction over this proceeding under 28 U.S.C. § 1334.

2. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Local Bankruptcy Rule 5070-1(g).

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation.

LEGAL\41435455\2 00650.3280.000/446390.000

## BACKGROUND

5. On November 17, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

6. Prior to the Petition Date, Ryder and the Debtor were parties to a Truck Lease and Service Agreement dated April 24, 2017 (as amended and supplemented, the "Truck Lease") pursuant to which Ryder leased various tractors and trailers to the Debtor.

7. The Debtor was in possession of a total of 80 Ryder vehicles, comprised of 40 leased tractors and 40 leased trailers (collectively, the "Leased Vehicles"), which are owned by Ryder and subject to the Truck Lease.

8. Pursuant to the Truck Lease the Debtor is required to make certain payments to Ryder and fulfill other obligations, for the use by the Debtor of the Leased Vehicles. The Debtor defaulted under the Truck Lease on numerous occasions by failing to make timely payment to Ryder, including but not limited to its failure to make payment on April 25, 2019 in the amount of $201,131.09 (the "Payment Default").

9. Ryder and the Debtor agreed to resolve the aforesaid Payment Default through their entry into the Stipulation on April 29, 2019, and filed the Stipulation with the Court.

10. On or about April 30, 2019, this Court entered an Order [D.I. No. 100] (the "Stipulation Approval Order") approving the Stipulation. Pursuant to the Stipulation and the Stipulation Approval Order, the Debtor was required to cure the Payment Default by wiring payment to Ryder in the amount of $201,131.09 (the "First Payment") before May 12, 2019 (the "First Payment Deadline").

11. The Debtor defaulted under the terms of the Stipulation and the Stipulation Approval Order by failing to make the First Payment by the First Payment Deadline. Notice of

Default under the Stipulation Approval Order was provided on May 13, 2019 to the Debtor's counsel, Thomas D. Bielli, Esquire, via e-mail, and to the Debtor's representative, Durbek Tashpulatov, also via e-mail. The Debtor failed to cure its default within the three (3) day cure period.

12. On May 17, 2019, in accordance with the Stipulation Approval Order, the undersigned counsel for Ryder filed a *Certification of Counsel of Default in the Debtor's Payment to Ryder Truck Rental, Inc.* [D.I. 104], certifying that the Debtor had failed to make the First Payment by the First Payment Deadline as was required by the Stipulation and the Stipulation Approval Order, and had not cured such default within three (3) days of the aforementioned Notice of Default.

13. On May 17, 2019, this Court therefore entered a further Order [D.I. 110] (the "Stay Relief Order") providing as follows: "The automatic stay of section 362 of the Bankruptcy Code is hereby terminated to allow Ryder to recover possession from the Debtor and exercise all rights, dominion and control as owner of the Leased Vehicles (including, without limitation, the right to sell, lease or otherwise dispose of the Leased Vehicles); and (ii) ***the Debtor shall return possession of all of the Leased Vehicles to Ryder by delivering the Leased Vehicles to 835 E. Lycoming Street, Philadelphia, PA 19124 within ten (10) days of the date of this order***." (emphasis added). This Stay Relief Order further provides that it shall be effective immediately.

14. The Debtor has failed to comply with the Stay Relief Order by failing to return all of the Leased Vehicles to Ryder by delivering the Leased Vehicles to 835 E. Lycoming Street, Philadelphia, PA 19124 (the "Designated Location") within ten (10) days of the date of such order, *i.e.*, by May 27, 2019.

15. In fact, the Debtor has failed to deliver twelve (12) Leased Vehicles to Ryder (the

3

"Unreturned Vehicles") as of the filing of this Motion, and the Debtor has either failed or refused to inform Ryder of the present location of the Unreturned Vehicles.

16. Accordingly, the Debtor is in breach of the Stipulation and contempt of the Stay Relief Order, and the Unreturned Vehicles which constitute Ryder's valuable property are at risk.

**RELIEF REQUESTED**

17. By the Motion to Enforce, Ryder seeks the entry of an order, substantially in the form attached hereto enforcing the Stipulation and the Stay Relief Order by requiring the Debtor to turn over and deliver into Ryder's possession all of the Unreturned Vehicles within two (2) business days of the entry of such order, and levying sanctions of $1,000 per day beginning May 28, 2019 – the first day on which the Debtor was in contempt of the Stay Relief Order by failing to deliver the Unreturned Vehicles to the Designated Location – against the Debtor and its principal, Durbek Tashpulatov, for contempt of court for their non-compliance with the Stay Relief Order.

18. By the Motion for Expedited Hearing, Ryder requests that the Court schedule an expedited hearing to consider the Motion to Enforce on June 20, 2019, or on the earliest possible date when the Court is available.

**BASIS FOR RELIEF REQUESTED**

19. Pursuant to section 105(a) of the Bankruptcy Code, a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). As such, this Court certainly has the ability to enforce its own orders, including the Stipulation Approval Order and the Stay Relief Order. *See Point Blank Solutions, Inc. v. Robbins Geller Rudman & Dowd LLP (In re Point Blank Solutions, Inc.)*, 449 B.R. 446, 450 (Bankr. D. Del. 2011) (explaining that bankruptcy court plainly has

jurisdiction to interpret and enforce its own prior orders); *see also Amphenol Corp. v. Shandler (In re Insilco Techs., Inc.)*, 351 B.R. 313, 319-20 (Bankr. D. Del. 2006) (finding bankruptcy courts have jurisdiction over matters concerning interpretation and enforcement of their own orders). Ryder is simply requesting that this Court compel the Debtor to comply with the terms of the Stipulation, the Stipulation Approval Order, and the Stay Relief Order, all of which were approved and entered by this Court, and sanction the Debtor and its principal, Durbek Tashpulatov, for their failure to satisfy their Court-ordered obligations.

20. The Debtor, notwithstanding the existence of the Payment Default, was given further opportunity to utilize the Leased Vehicles in exchange for its obligation to abide by the terms of the Stipulation and Stay Relief Order. Under these circumstances, it is highly unjust and improper if the Debtor were now permitted to misappropriate and/or mishandle Ryder's valuable property with impunity.

## **REQUEST FOR EXPEDITED HEARING**

21. Ryder requests that the Court hear the Motion to Enforce, and any objections hereto, on June 20, 2019, or on the next earliest possible date when the Court is available.

22. The passage of additional time, during which Ryder is unable to secure, repair and redeploy the Unreturned Vehicles, will only increase Ryder's already substantial financial harm and the risk that its property will be irreparably damaged or lost. Such delay not only increases the risk of damage to the Unreturned Vehicles but also increases Ryder's resulting administrative priority claim against the Debtor's estate for its damages. Further, there is an increased risk to the public if the Unreturned Vehicles are operated on the public roads by the Debtor without appropriate insurance. Accordingly, Ryder is seeking consideration of the Motion to Enforce on an expedited basis.

5

23.     Prior to filing the Motion, the undersigned counsel for Ryder consulted with counsel for the Debtor, Thomas Bielli, regarding Ryder's intention to seek an expedited hearing and the possible hearing dates for same.  Mr. Bielli advised that he is available for hearing on this Motion on June 19 and June 20, 2019, but that he will be on vacation during the week of June 24, 2019.

## NOTICE

24.     Service of the Motion has been made upon the (i) Office of the United States Trustee, (ii) counsel to the Debtor, and (iii) all parties in interest having requested notices pursuant to Bankruptcy Rule 2002 (the "Notice Parties") by electronic mail, fax or overnight mail.  Ryder submits that such notice to the Notice Parties is appropriate and sufficient.

WHEREFORE, Ryder respectfully requests that this Court enter an order, substantially in the form attached hereto, and grant such other and further relief as may be just and proper.


Dated:  June 14, 2019                                            COZEN O'CONNOR

By: /s/ *John T. Carroll, III*
John T. Carroll, III, Esquire
Eric L. Scherling, Esquire
1650 Market Street
Suite 2800
Philadelphia, PA 19103
(302) 295-2028/(215) 665-2042 (telephone)
(215) 701-2140 (fax)
jcarroll@cozen.com
escherling@cozen.com

*Counsel for Ryder Truck Rental, Inc.*